UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 2:25-MJ-127-1 |
| | ) | |
| HARKAMAL SINGH, | ) | |
| Defendant. | ) | |

**MOTION FOR DETENTION**

NOW COMES the United States of America, by and through its attorney, Michael P. Drescher, Acting United States Attorney for the District of Vermont, and moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>. The Defendant is eligible for detention because the case a felony offense involving the possession or use of a firearm, *See* 18 U.S.C. § 3142(f)(1)(E), and a serious risk that Defendant will flee, *See* 18 U.S.C. § 3142(f)(2)(A). The charge pending against the Defendant in this case is a single count alleging a violation of 18 U.S.C. § 922(a)(6), False Statement During Purchase of a Firearm. The term "involves" in Section 3142(f)(1)(E) has been interpreted broadly and to permits the Court to review the conduct giving rise to the charged offense. *United States v. Watkins*, 940 F.3d 152, 165-166 (2d Cir. 2019). A detention hearing is properly allowed pursuant to Section 3142(f)(1)(E) in this case because the instant offense, the attempted acquisition of a firearm by means of a false statement, inherently involves the intent to possess a firearm. Additionally, the instant case poses a maximum potential penalty of up to ten years in prison and a custodial sentence should the Defendant be convicted. Finally, the Defendant is in the United States illegally and has exhibited an intent to remain in the United States despite that status. The possibility of a custodial sentence and the Defendant's

demonstrated intent to remain in the United States illegally are a sufficient basis to conclude that there is a serious risk the Defendant will flee and fail to appear for court proceedings. For the foregoing reasons, the United States requests a detention hearing pursuant to 18 U.S.C. §§ 3142(f)(1)(E) and 3142(f)(2)(A).

2. <u>Reason For Detention</u>.  The Court should detain the Defendant because there are no conditions of release that will reasonably assure the defendant's appearance as required.

3. <u>Rebuttable Presumption</u>.  In this case, there is no rebuttable presumption pursuant to 18 U.S.C. § 3142(e).

4. <u>Time For Detention Hearing</u>.  The United States requests the court conduct the detention hearing upon completion of the pretrial services report.

5. <u>18 U.S.C. § 3142(g) Factors</u>. Detention is appropriate in this matter because there is no condition, or combination of conditions, that will ensure the Defendant appears as required and does not present a danger to the community. As mentioned above, the instant charge – a violation of 18 U.S.C. § 922(a)(6) – is a felony offense. The Defendant is also in the United States illegally. The prospect of a felony conviction and time in prison now confront the Defendant before he is deported. The Government's estimate of the sentencing guideline range is 10 to 16 months if the Defendant chooses to go to trial. The nature of the charge, that of attempting to acquire a firearm by means of a false statement, and the seriousness of the charge, a felony with an estimated sentencing guideline range that includes incarceration, weigh in favor of detention.

As laid out in the affidavit that accompanied the complaint in this case, the evidence against the Defendant is strong. The ATF Form 4473 that the Defendant filled out to purchase a firearm contains clear and material misstatements of fact by the Defendant. That form contains

explicit warnings about the potential for felony criminal prosecution as a consequence of making a false statement on that form. Records from U.S. Customs and Immigration Service ("USCIS") establish that the Defendant was an alien illegally and unlawfully in the United States at the time he completed the ATF Form 4473. Those same records show that USCIS put the Defendant on notice of his unlawful status in the United States prior to the date he filled out the ATF Form 4473. Finally, the Defendant admitted that he filled out the form, attempted to purchase a firearm, and that he knew of his unlawful status at the time he attempted to purchase the firearm. The Defendant made those statements during a custodial interview after having been properly advised of his rights. The weight of the evidence against the Defendant in this case weighs in favor of detention.

      The balance of the Defendant's history and characteristics of the Defendant also weigh in favor of detention. The Government concedes that the Defendant has lived in the United States for many years, in New York and then Vermont. The Government is unaware of any prior convictions or charges involving the use or possession of controlled substances. However, the Defendant's history of serious criminal charges cuts against release. Most seriously, the Defendant was convicted of two counts of attempted robbery in 2007. Although those offenses occurred in 2007, they were adjudicated as felonies, which speaks to their relative seriousness. The Defendant's behavior since that time, moreover, has not significantly improved. The Defendant's record of criminal charges is extensive and includes numerous violent offenses, property offenses, motor vehicle violations. This pattern of repeated criminal charges, albeit charges that do not result in convictions, show the Defendant's disregard for the law and the danger he poses to the community. The Defendant's history and characteristics weigh in favor of detention.

In conclusion, the Government respectfully requests that the Court detain the Defendant pending trial. The nature and circumstances of the charged offense are serious and carry a potential for imprisonment. The weight of the evidence is heavily against the Defendant. The history of convictions and charges against the Defendant outweigh the Defendant's connections to the community. Weighed together, these factors fall in favor of a conclusion that there is no condition or combination of conditions that will reasonably assure the Defendant's appearance and the safety of the community. The Defendant should be detained.

Dated at Burlington, in the District of Vermont, September 18, 2025.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        MICHAEL P. DRESCHER
        Acting United States Attorney

By:    */s/Charles W. Kirkham*
        CHARLES W. KIRKHAM
        Special Assistant U.S. Attorney
        11 Elmwood Avenue, 3rd Floor
        P.O. Box 570
        Burlington, VT 05402-0570
        (802) 951-6725
        Chet.Kirkham@usdoj.gov